# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JERRY FUENTES,

                    Plaintiff,

      v.

JAMES YATES, et al.,

                  Defendants.

_____/

CASE NO. 1:11-cv-00457-AWI-SKO PC

SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983

(Doc. 1)

THIRTY-DAY DEADLINE

## First Screening Order

### I.   Screening Requirement and Standard

Plaintiff Jerry Fuentes is a state prisoner proceeding pro se in this civil action for violation of his rights under 42 U.S.C. § 1983.  Defendants Yates and Igbinosa removed this action from Fresno County Superior Court on March 17, 2011.  28 U.S.C. § 1441(b).    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell

1    Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

2    allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v.

3    Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

4    omitted).

5         Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

6    liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

7    higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

8    screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

9    allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

10   Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572

11   F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

12   sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal,

13   556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

14   **II.      Plaintiff's Eighth Amendment Claim**

15        **A.      Summary of Allegations**

16        Plaintiff, who is currently incarcerated at Sierra Conservation Camp in Jamestown, brings

17   this action against Warden James Yates and Chief Medical Officer Felix Igbinosa for violating his

18   rights under the Eighth Amendment of the United States Constitution while he was at Pleasant

19   Valley State Prison (PVSP) in Coalinga.

20        Plaintiff alleges that he was transferred to PVSP in June 2004.  Plaintiff has respiratory

21   problems from being a smoker and in December 2005, he contracted valley fever, an illness caused

22   by the fungal spore coccidioidomycosis.  Plaintiff was hospitalized from December 21, 2005, to

23   December 31, 2005, when he was in severe pain and in fear for his life.  Plaintiff alleges that he must

24   remain on diflucan, a medication that is bad for his liver and potentially life threatening.  If he does

25   not, he may contract the disease a second time or it may reactivate.

26        Plaintiff alleges that Defendants did not have a screening process in place to identify the most

27   at-risk inmates for transfer out of PVSP.  Plaintiff also alleges that there was digging occurring at

28   the prison, which stirred up the spores, and although Defendants gave speeches to the pubic, they

1 continued with the digging and failed to water down the dirt or cover it.  Plaintiff further alleges that

2 Defendants failed to implement protective measures which had long been recommended.

3 **B.    <u>Legal Standard</u>**

4 Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

5 federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092

6 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v.</u>

7 <u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each

8 defendant personally participated in the deprivation of his rights.  <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Simmons</u>

9 <u>v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588

10 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.

11 Further, liability may not be imposed under section 1983 against supervisory personnel for

12 the actions or omissions of their subordinates under the theory of *respondeat superior*.  <u>Iqbal</u>, 129

13 S.Ct. at 1948-49; <u>Simmons</u>, 609 F.3d at 1020-21; <u>Ewing</u>, 588 F.3d at 1235; <u>Jones</u>, 297 F.3d at 934.

14 Supervisors may be held liable only if they "participated in or directed the violations, or knew of the

15 violations and failed to act to prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989);

16 <u>accord</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570

17 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th

18 Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

19 "The Eighth Amendment's prohibition against cruel and unusual punishment protects

20 prisoners not only from inhumane methods of punishment but also from inhumane conditions of

21 confinement."  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[W]hile conditions

22 of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and

23 unnecessary infliction of pain.'"  <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct.

24 2392 (1981)).  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

25 Punishment Clause depends upon the claim at issue. . . ."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112

26 S.Ct. 995 (1992).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment]

27 conditions-of-confinement claim."  <u>Hudson</u>, 503 U.S. at 9 (citation omitted).  With respect to this

28 type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for

1  their offenses against society, only those deprivations denying the minimal civilized measure of life's

2  necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id.

3  (quotations and citations omitted).

4        Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

5  officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

6  serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference

7  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

8  objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

9  (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison

10 official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." Farmer,

11 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying

12 humane conditions of confinement only if he knows that inmates face a substantial risk of harm and

13 disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.  Prison officials

14 may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting

15 evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45.  Mere negligence

16 on the part of the prison official is not sufficient to establish liability, but rather, the official's

17 conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

18      **C.    Discussion**

19        Plaintiff has not alleged the existence of a risk to his health or safety so substantial that it

20 implicated the Eighth Amendment. Farmer, 511 U.S. at 834; Foster v. Runnels, 554 F.3d 807, 812

21 (9th Cir. 2009); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  The mere existence of

22 coccidioidomycosis spores in the soil around PVSP is not sufficient to support a claim of

23 unconstitutionally grave conditions of confinement.  Further, Plaintiff's complaint lacks specific

24 allegations supporting his claim that Defendants knowingly disregarded the alleged risk of harm to

25 Plaintiff's health or safety. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

26 ///

27 ///

28 ///

1    **III.     Conclusion and Order**

2            Plaintiff's complaint fails to state a claim for violation of the Eighth Amendment.  The Court

3    will provide Plaintiff with the opportunity to file an amended complaint curing these deficiencies.

4    Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th

5    Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

6    amended  complaint.      George  v.  Smith,  507  F.3d  605,  607  (7th  Cir.  2007)  (no  "buckshot"

7    complaints).

8            Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

9    each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

10   U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

11   [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555

12   (citations omitted).

13           Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

14   F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

15   "complete  in  itself  without  reference  to  the  prior  or  superceded  pleading,"  Local  Rule  220.

16   Therefore,  "[a]ll  causes  of  action  alleged  in  an  original  complaint  which  are  not  alleged  in  an

17   amended  complaint  are  waived."  King,  814  F.2d  at  567  (citing  to  London  v.  Coopers  &  Lybrand,

18   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

19           Based on the foregoing, it is HEREBY ORDERED that:

20        1.      The Clerk's Office shall send Plaintiff a complaint form;

21        2.      Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

22                be granted under section1983;

23        3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

24                amended complaint; and

25   ///

26   ///

27   ///

28   ///

1      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2           action will be dismissed, with prejudice, for failure to state a claim.

3

4   IT IS SO ORDERED.

5   **Dated:    March 8, 2012**                              /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE
6