# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY FUENTES, | CASE NO. 1:11-cv-00457-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| JAMES YATES, et al., | |
| Defendants. | (Doc. 19) |
| | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.     Procedural History**

Plaintiff Jerry Fuentes is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants Yates and Igbinosa removed this action from Fresno County Superior Court on March 17, 2011. 28 U.S.C. § 1441(b). On March 8, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. 28 U.S.C. § 1915A. Plaintiff filed an amended complaint on October 29, 2012.

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.   Discussion**

    **A.   Allegations**

In his amended complaint, Plaintiff alleges that while he was housed at Pleasant Valley State Prison (PVSP) between 2004 and 2009, he contracted Valley Fever and became extremely ill. Plaintiff alleges that he begged for medical care and a transfer to a different prison, and although he was eventually transferred, he still is still suffering from having been neglected.

Plaintiff alleges that Defendants James Yates, Warden, and Felix Igbinosa, Chief Medical Officer, "failed, negligently, with deliberate indifference and 'Callous disregard to render proper medical and custodial Aid by refusing to treat plaintiff's Valley Fever' and by refusing to [transfer] him before the conditions got worse." (Doc. 19, Amend. Comp., p. 3.) Plaintiff alleges that his

///

muscles, joints, and organs are no longer functioning normally, and if Defendants had "heard [his] cries for help," his health would not have been permanently affected. (Id., p. 4.)

### B.     Eighth Amendment Claim

Plaintiff alleges a claim for relief under the Eighth Amendment of the United States Constitution, which protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas, 611 at 1151-52; Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"To establish . . . [a] violation, a plaintiff must satisfy both an objective standard - that the deprivation was serious enough to constitute cruel and unusual punishment - and a subjective standard - deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). For claims arising out of medical care in prison, Plaintiff must first show the existence of an objectively serious medical need, and then show deliberate indifference to that need. Snow, 681 F.3d at 985; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The Court assumes without deciding that Valley Fever constitutes an objectively serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted); accord

Wilhelm, 680 F.3d at 1122.  However, Plaintiff has not alleged sufficient facts to support a claim that Defendants Yates and Igbinosa knowingly disregarded an excessive risk of harm to Plaintiff's health.  Farmer, 511 U.S. at 837.

Under section 1983, Plaintiff must link each named defendant to the participation in the violation at issue.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Defendants, as Warden and Chief Medical Officer, held administrative positions at PVSP and liability may not be imposed on them under a theory of *respondeat superior*.  Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235.

While liability may lie against prison administrators for violation of the Eighth Amendment, Snow, 681 F.3d at 989; Jett, 439 F.3d at 1098, they may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  In short, some culpable action or inaction must be attributable to them.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

The Court is mindful of the liberal pleading standard, but Plaintiff must nonetheless allege sufficient facts to support his claim.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.  Negligence is insufficient to support a claim under section 1983, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow, 681 F.3d at 987, and Plaintiff may not rely on a conclusory allegation of deliberate indifference to support his claim, Iqbal, 556 U.S. at 678.  Assuming Plaintiff had a serious medical need, there is no factual support for his claim that Defendants Yates and Igbinosa acted with deliberate indifference toward that medical need.  Farmer, 511 U.S. at 837.

///

///

### IV. Conclusion and Recommendation

The Court finds that Plaintiff's amended complaint fails to state a claim for violation of the Eighth Amendment. The Court does not recommend further leave to amend, because Plaintiff was previously provided with notice of the deficiencies in his claim and the opportunity to amend but he was unable to cure the deficiencies. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 6, 2013**          /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE