# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY FUENTES,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-00457-AWI-SKO PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO FILE SECOND AMENDED COMPLAINT AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 25) |

**I.    Background**

Plaintiff Jerry Fuentes ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants Yates and Igbinosa ("Defendants") removed this action from Fresno County Superior Court on March 17, 2011. 28 U.S.C. § 1441(b).

On March 8, 2012, the Magistrate Judge screened the complaint and dismissed it, with leave to amend, for failure to state a claim under section 1983. 28 U.S.C. § 1915A. After obtaining three extensions of time, Plaintiff filed an amended complaint on October 29, 2012, and on March 7, 2013, the Magistrate Judge issued findings and recommendations recommending dismissal of the action, with prejudice, for failure to state a claim under section 1983. After obtaining two extensions of time to file objections, Plaintiff submitted a proposed second amended complaint on June 21, 2013.

Plaintiff has a right to amend once without leave of court and his second amended complaint will be filed. Fed. R. Civ. P. 15(a)(1). For the reasons which follow, Plaintiff fails to state a claim under section 1983 and this action is dismissed, with prejudice.

## II.   Discussion

The deficiencies identified by the Magistrate Judge in the first screening order and in the findings and recommendations are cured by the second amended complaint.

Plaintiff was transferred to Pleasant Valley State Prison ("PVSP") in June 2004, at which time he had unspecified respiratory problems. Plaintiff subsequently contracted Valley Fever and he was hospitalized on December 21, 2005.

Plaintiff seeks to impose liability on Warden James Yates and Chief Medical Officer Felix Igbinosa on the grounds that his rights under the Eighth Amendment were violated by virtue of his incarceration at PVSP and by Defendants' failure to take remedial measures such as ceasing digging, watering down the dirt, and/or covering the dirt with canvas. Plaintiff alleges that Defendant Igbinosa appeared on television and stated that precautions would be taken but none were. As a result of contracting Valley Fever, Plaintiff suffered severe pain and was terrified he was going to die.[1] Plaintiff will remain on Diflucan for the rest of his life.

Valley Fever is unquestionably a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, this case does not involve the claim that Defendants were deliberately indifferent to Plaintiff's medical needs once he contracted Valley Fever. Instead, Plaintiff seeks to impose liability on Defendants on the basis that being housed at PVSP posed an objectively serious risk of harm to his health because of the presence of Valley Fever in the area and Defendants disregarded that risk.

The Court finds that Plaintiff's allegations fall short of supporting a claim that being housed at PVSP constituted cruel and unusual punishment in violation of the Eighth Amendment.[2]

---

[1] By the time of removal, Plaintiff was no longer housed at PVSP. (Doc. 1.)

[2] The Court notes that Plaintiff's second amended complaint is identical to a portion of the complaint he filed in Fresno County Superior Court, which was screened by the Magistrate Judge on March 8, 2012, following removal. (Doc. 1-2, court record pp. 11-16.) In the notice of removal, Defendants identified that complaint as an amended complaint, but Plaintiff captioned it as the "Sixth Amended Complaint" and it appears the superior court case was filed in 2008. (*Id.*, p. 11.)

Plaintiff has amended twice and he was twice provided with detailed notice of the deficiencies in his claim and the applicable legal standard.  Plaintiff's allegations simply do not support a claim that his transfer to PVSP posed a substantial risk of serious harm to his health and/or that Defendants knowingly disregarded such a risk. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Plaintiff is entitled to have his allegations liberally construed, *Pouncil v. Tilton*, 704 F.3d 568, 574-75 (9th Cir. 2012), but the Court is not required to indulge inferences which are unwarranted, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).

### III.   Order

Based on the foregoing, the Court HEREBY ORDERS that:

1. The Clerk's Office shall file Plaintiff's second amended complaint, lodged on June 21, 2103;

2. This action is dismissed, with prejudice, for failure to state a claim under section 1983; and

3. The Clerk's Office shall enter judgment for Defendants.

IT IS SO ORDERED.

Dated:   November 8, 2013                               _____
                                                         SENIOR DISTRICT JUDGE

3